## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

RICHARD DIAB,

     Plaintiff,

v.                                               Civ. No. 16-1002 MCA/GJF

JOHN DOE, NEW MEXICO DEPARTMENT
OF CORRECTIONS, FNU BACA, KEN
SMITH,

     Defendants.

### ORDER

This matter is before the Court on Plaintiff Richard Diab's response to the Court's October 16, 2016 Second Order to Cure Deficiency [Doc. No. 28] and motion for extension of time to comply with the Court's October 16, 2016 Second Order to Cure Deficiency [Doc. No. 33].   Also before the Court are Plaintiff's motions requesting leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.   [Doc. No. 2, 8, 12, 20]   For the following reasons, Plaintiff's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. No. 8] will be GRANTED, Plaintiff's other motions requesting leave to proceed *in forma pauperis* will be DENIED AS MOOT [Doc. No. 2, 12, 20], and Plaintiff's motion for extension of time will be DENIED AS MOOT.

On September 7, 2016, Plaintiff filed a Prisoner's Civil Rights Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs.   [Doc. Nos. 1, 2]   The Court noted that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs was deficient, because it was not sworn under penalty of perjury and did not include a certified copy of Plaintiff's inmate account statement for the 6-month period immediately preceding the filing of his

civil rights complaint.   [Doc. No. 3]   The Court ordered Plaintiff to cure these deficiencies. [Doc. No. 3]

On September 19, 2016, Plaintiff submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, which was sworn under penalty of perjury.   [Doc. No. 8] Plaintiff also submitted an Application to Proceed in District Court Without Prepaying Fees or Costs and an Application to Proceed Without Paying Filing Fees and Costs (Persuant to 28 U.S.C. 1915), both of which were sworn under penalty of perjury.   [Doc. Nos. 12, 20]   Additionally, on September 26, 2016, Plaintiff submitted a copy of his inmate account statement for the time period between September 1, 2016 and September 20, 2016.   [Doc. No. 10]   Plaintiff's inmate account statement reveals that he had an initial balance of $89.96 on September 1, 2016, and an ending balance of $17.03 on September 20, 2016.   [Doc. No. 10]   During the month of September, Plaintiff received one deposit in the amount of $60.00.   [Doc. No. 10]

On October 16, 2016, the Court noted that, Plaintiff's inmate account statement, which only included the time period between September 1, 2016, and September 20, 2016, was insufficient because 28 U.S.C. § 1915(a)(2) requires a prisoner "to submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."   28 U.S.C. § 1915(a)(2).   [Doc. No. 21]   The Court ordered Plaintiff to cure this deficiency by submitting a certified copy of his inmate account statement that includes the 6-month time period immediately preceding the filing of his civil rights complaint on September 7, 2016.   [Doc. No. 21]

In response, Plaintiff informed the Court that he only has been incarcerated "since August 8th" and that he has "submitted [his] account statement since Aug. to Sept."   [Doc. No. 28]   He

2

further informed the Court that he had "requested an updated inmate account statement from inmate accounts, which will be mailed as soon as [he] receive[s] it from inmate accounts department."  [Doc. No. 28]   On November 7, 2016, Plaintiff requested an extension of time in which to submit an updated inmate account statement, because he had requested his inmate account statement "3 times with no response from inmate account dept."   [Doc. No. 33]

Because Plaintiff has only been incarcerated since August 8, 2016, the Court will excuse the requirement for a 6-month inmate account statement.   Instead, Plaintiff's motions requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 will be evaluated on the basis of the financial information provided by Plaintiff, including his inmate account statement for the month of September 2016.   [*See* Doc. No. 2, 8, 10, 12, 20]

It appears that Plaintiff is unable to prepay the filing fee for this civil rights action and, therefore, his Prisoner's Motion And Affidavit For Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. No. 8] will be granted.   Plaintiff's duplicative motions requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 will be denied as moot.   [Doc. No. 2, 12, 20]

Because Plaintiff was a prisoner at the time his Prisoner's Civil Rights Complaint was filed, he is "required to pay the full amount of [the] filing fee."   § 1915(b)(1).   Pursuant to § 1915(b)(1), Plaintiff is required to make an initial partial payment of "20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." § 1915(b)(1).   After payment of the initial partial payment, Plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."   § 1915(b)(2).

Plaintiff's inmate account statement reflects that the average monthly deposits in his inmate

3

account are $60.00 and that the average monthly balance is $46.53.   [Doc. No. 10]   Because the average monthly deposits in Plaintiff's inmate account exceed his average monthly balance, the Court shall assess an initial partial payment of $12.00 (which is 20% of $60.00) pursuant to § 1915(b)(1)(A).   According to Plaintiff's inmate account statement, he has sufficient funds to pay an initial partial payment of $12.00.   [*See* Doc. No. 10 (reflecting an ending balance of $17.03)] The initial partial payment must be submitted to the Clerk of the Court within thirty days of the date of entry of this order.

The Court will not review the merits of Plaintiff's Prisoner's Civil Rights Complaint unless the initial partial payment is paid or excused.  If Plaintiff fails to make a payment by the designated deadline or show cause why such payments should be excused, his Prisoner's Civil Rights Complaint may be dismissed without prejudice without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's Prisoner's Motion And Affidavit For Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. No. 8] is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2], Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 12], and Application to Proceed Without Prepaying Fees and Costs (Persuant to 28 U.S.C. 1915) [Doc. No. 20] are **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time [Doc. No. 33] is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that, within thirty (30) days from entry of this order, Plaintiff shall send to the Clerk of the Court an initial partial payment of $12.00 or show cause why the payment should be excused;

**IT IS FURTHER ORDERED** that the Clerk is directed to provide Plaintiff with two

4

copies of this order, and that Plaintiff make the necessary arrangements to attach one copy of this order to the check in the amount of the initial partial payment;

**IT IS FINALLY ORDERED** that, after payment of the initial partial fee, Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why the designated payments should be excused.

**IT IS SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

5