IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD DIAB,

    Plaintiff,

  v.                                                                       No. 16-CV-01002-MCA-GJF

JOHN DOE, NEW MEXICO DEPARTMENT
OF CORRECTIONS, FNU BACA, KEN
SMITH,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Richard Diab's Prisoner's Civil Rights Complaint and Amended Complaint. [Docs. 1, 7] Also before the Court are the following motions filed by Plaintiff: (1) two motions to amend the complaint to substitute Sergeant Westerfield for the John Doe defendant [Docs. 6, 14]; (2) six motions to enter evidence [Docs. 17, 18, 19, 32, 38, 45], (3) a motion for summary judgment [Doc. 44]; and (4) a motion for a status hearing [Doc. 46]. Plaintiff was incarcerated at the time of filing, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's motions to amend the complaint [Docs. 6, 14] will be denied as moot, Plaintiff's motions to enter evidence [Docs. 17, 18, 19, 32, 38, 45] will be denied, Plaintiff's motion for summary judgment [Doc. 44] will be denied, and Plaintiff's motion for a status hearing [Doc. 46] will be denied. Furthermore, Plaintiff's § 1983 claims against Defendants New Mexico Department of Corrections and Central New Mexico Correctional Facility (CNMCF) will be

dismissed with prejudice and the Court will direct notice and waiver of service forms to be sent to Defendants Westerfield, Baca, and Smith.

## I.     BACKGROUND

On September 7, 2016, Plaintiff filed a Prisoner Civil Rights Complaint against Defendants John Doe, New Mexico Department of Corrections, and Correctional Officer Baca. Plaintiff's complaint alleges that the housing conditions at CNMCF are unsanitary and inhumane, in violation of Plaintiff's right to be free from cruel and unusual punishment. [Doc. 1] Specifically, Plaintiff alleges that on the night of August 18, 2016 into the morning of August 19, 2016, he was forced to sleep on a bug-infested mattress, causing him to sustain swelling, pain, itching, and redness in his lower stomach and genital area due to bug bites. When Plaintiff complained about his bug-infested mattress, John Doe, a correctional officer at CNMCF, brought him a different mattress and threw his bug-infested mattress outside in a pile of pigeon droppings. Plaintiff was upset because he had just covered his bug-infested mattress with clean sheets and a clean blanket. Defendant Doe then removed the other mattress and told Plaintiff to sleep on the metal plank without a mattress. Approximately three hours later, Defendant Baca instructed Plaintiff to retrieve his bug-infested mattress from outside. Plaintiff was not provided with cleaning supplies or clean sheets, but instead was forced to sleep on the bug-infested-pigeon-dropping-covered mattress for seven days, until he was able to send his sheets and blanket to the laundry. Additionally, Plaintiff was deprived of medical attention for his bug bites until August 23, 2016, despite multiple sick call requests. Finally, Plaintiff alleges that during his incarceration at CNMCF he was forced to share a toilet with twenty other inmates and that the toilet was programmed to flush only once every hour, thus exposing him to the liquid and

solid waste of other inmates. Plaintiff's complaint seeks compensatory and punitive damages. [Doc. 1 at 14]

On September 19, 2016, Plaintiff filed a motion to amend his complaint to substitute Sergeant Westerfield for the John Doe defendant. [Doc. 6] On that same date, Plaintiff filed an amended complaint against Defendants CNMCF and Ken Smith, Warden of CNMCF. [Doc. 7] Plaintiff's amended complaint, like his original complaint, alleges that the housing conditions at CNMCF are unsanitary and inhumane, in violation of Plaintiff's right to be free from cruel and unusual punishment. [Doc. 7] Plaintiff's amended complaint focuses on the unsanitary toilet that he was forced to share with twenty other inmates, but also mentions that "many inmates are exposed to mattress with bugs which have bitten them." [Doc. 7 at 2] In his amended complaint Plaintiff requests compensatory and punitive damages. Attached to Plaintiff's amended complaint is a letter from the medical director of CNMCF regarding the risk of infection from an unsanitary toilet, Plaintiff's informal complaint and grievance, and the responses to his informal complaint and grievance.

On October 3, 2016, Plaintiff filed a document entitled "Notice of Effects," informing the Court that he has developed a rash on his buttocks due to the unsanitary toilet that he was forced to share with twenty other inmates. [Doc. 13 at 1] In his notice, Plaintiff alleges that he has been deprived of medical care for his rash, despite submitting multiple sick call requests. [Doc. 13] On October 3, 2016, Plaintiff also filed a document entitled "Request to the Court," again asking the Court to substitute Sergeant Westerfield for the John Doe defendant. [Doc. 14]

On October 13, 2016, Plaintiff filed three motions to enter evidence. [Docs. 17, 18, 19] Plaintiff's first motion asks the Court to consider additional evidence of the unsanitary and inhumane living conditions at CNMCF. [Doc. 17] Specifically, Plaintiff alleges that he was

3

transferred to a different facility for seven days and, upon his return to CNMCF, he was assigned to a "dirty smelly cell full of dirt, and the toilet was disgusting" because it had not been flushed or cleaned. [Doc. 17 at 2] Plaintiff further alleges that he had "to stay in that dirty cell, with a dirty toilet and a dirty floor" for three days, until he was provided with cleaning supplies. [Doc. 17 at 2] Lastly, Plaintiff alleges that the inmates' food sits outside for thirty to forty-five minutes, exposed to bird droppings, and that inmates are not provided with utensils for every meal, so they have to retrieve them from trash cans or reuse them. [Doc. 17 at 3]

Plaintiff's second motion to enter evidence provides the Court with evidence that Plaintiff "tried to notify the defendant about the conditions before filing this complaint." [Doc. 18] Attached to Plaintiff's motion is a letter from Plaintiff to Defendant Smith regarding the living conditions at CNMCF, Plaintiff's inmate grievance, and the response to Plaintiff's inmate grievance. [Doc. 18]

Plaintiff's third motion to enter evidence, like his second motion, provides evidence that he notified "the staff of the housing conditions" at CNMCF and the "high risk of getting infections [and] life threatening diseases." [Doc. 19] Attached to Plaintiff's motion is Plaintiff's informal complaint, Plaintiff's inmate grievance, the results of an investigation into Plaintiff's informal complaint, the denial of Plaintiff's inmate grievance, and Plaintiff's rebuttal to the denials of his informal complaint and grievance. [Doc. 19]

In addition to these three motions to enter evidence, Plaintiff filed four other motions to enter evidence on October 17, 2016, November 7, 2016, November 28, 2016, and January 23, 2017. [Docs. 23, 32, 38, 46] Plaintiff's October 17, 2016 motion asks the Court to consider "ongoing abuse" of inmates caused by a flood that occurred at CNMCF on October 8, 2017 through October 9, 2017. [Doc. 23] Specifically, Plaintiff alleges that three pods in CNMCF

4

were flooded with "a few inches of water" and the inmates were forced to mop up the water with their towels, blankets, and sheets. [Doc. 23]

Plaintiff's November 7, 2016 motion asks the Court to consider two letters, one from Attorney Kelly K. Waterfall and one from Attorney Peter Cubra, regarding the housing conditions at CNMCF. [Doc. 32] Plaintiff's November 28, 2016 motion reiterates the facts set forth in his complaint and amended complaint and asks the Court to consider narratives signed by other inmates regarding the unsanitary housing conditions at CNMCF and letters from Plaintiff to Attorneys Waterfall and Cubra detailing the unsanitary housing conditions at CNMCF. Plaintiff's final motion to enter evidence, filed on January 23, 2017, asks the Court to consider photographs of a fungal infection on Plaintiff's toes, allegedly caused by the unsanitary housing conditions at CNMCF. [Doc. 45]

In addition to his motions to enter evidence, Plaintiff has filed three Narratives, which reiterate, clarify, and expound upon the factual allegations in his complaint and amended complaint. [Docs. 26, 27, 43] Plaintiff also has filed multiple certificates of service, reflecting that he has mailed requests for admission and interrogatories to Defendants. [Docs. 22, 25, 29, 30] Plaintiff asks the Court to order Defendants to file responses to his requests for admission and interrogatories. [Docs. 22, 25, 29, 30]

On January 10, 2017, Plaintiff filed a motion for summary judgment asking the court to enter judgment in his favor. [Doc. 44] Lastly, on March 17, 2017, Plaintiff filed a motion requesting a status hearing and an evidentiary hearing. [Doc. 46]

**II.    DISCUSSION**

As a preliminary matter, the Court must identify the operative pleading and fulfill its statutory obligation to screen the operative pleading pursuant to 28 U.S.C. §§ 1915(e) and

1915A. The Court will also address Plaintiff's numerous motions and requests for relief.

A.  *Plaintiff's Complaint and Amended Complaint Are the Operative Pleading*

On September 19, 2016, Plaintiff moved to amend his complaint to substitute Sergeant Westerfield for the John Doe defendant and also filed an amended complaint adding Defendants Defendants Ken Smith and CNMCF. [Docs. 6, 7] Federal Rule of Civil Procedure 15 governs the amendment and supplementation of pleadings and it provides, in relevant part, as follows:

> **(a) Amendments Before Trial.**
>
> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), €, or (f), whichever is earlier.
>
> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> * * *
>
> **(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defecting in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. (a)(1)-(2), (d). Plaintiff's complaint has not yet been served and, therefore, he may amend his complaint "once as a matter of course" without requesting leave of the Court. Fed. R. Civ. P. 15(a)(1)(A). Accordingly, Plaintiff's motion to amend the complaint [Doc. 6]

6

will be denied as moot and the Clerk of the Court will be directed to substitute Sergeant Westerfield for the John Doe defendant. Plaintiff's duplicative "Request to the Court" [Doc. 14], which also seeks to amend the complaint to substitute Sergeant Westerfield for the John Doe defendant, will be denied as moot.

In conjunction with his motion to amend the complaint [Doc. 6], Plaintiff filed an amended complaint [Doc. 7], which adds Ken Smith, Warden of CNMCF, and CNMCF as defendants in this case. Because Plaintiff's amended complaint was docketed on the same date and at the same time as his motion to amend the complaint, the Court will construe the two documents collectively as Plaintiff's amended complaint. Ordinarily, the filing an amended complaint supercedes the original complaint, *see Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007), but in this case, it appears as if Plaintiff intended to supplement his original complaint by adding additional constitutional claims against additional defendants. Mindful of the Court's obligation to construe pro se pleadings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court will construe Plaintiff's original and amended complaints [Docs. 1, 6, 7] collectively as the operative pleading.

Some of Plaintiff's subsequent filings appear to seek to amend and/or supplement the operative pleading by expounding upon Plaintiff's existing factual allegations and by adding additional claims against additional defendants. [*See* Docs. 13, 17, 23, 26, 27, 43] As previously explained, Plaintiff may amend his complaint only once as a matter of course and any subsequent amendment and/or supplementation requires leave of the court. *See* Fed. R. Civ. P. 15(a)(2). The Local Civil Rules of the United States District Court for the District of New Mexico provide that "[a] proposed amendment to a pleading must accompany a motion to amend." Fed. R. Civ. P. 15.1. Plaintiff's pro se status does not excuse the obligation to comply

with the fundamental requirements of the Federal Rules of Civil Procedure or the Local Civil Rules. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (noting that although pro se pleadings are construed liberally, pro se litigants "nevertheless must follow the same rules of procedure that govern other litigants"). Furthermore, a "plaintiff may not simply file piecemeal amendments and supplements to his complaint," but rather must "set forth all of his original and supplemental allegations and claims in a single document." *Brown v. Harris*, No. Civ. A. 05-CV-02203-WD, 2006 WL 3833938, at *2 (D. Colo. Dec. 28, 2006) (unpublished). Because Plaintiff has failed to file a motion to amend and/or supplement his pleading as required by Fed. R. Civ. P. 15 or a proposed amended or supplemental complaint that sets forth all of his claims against all of the defendants in a single document as required by Local Rule 15.1, Plaintiff's requests to amend and/or supplement the operative pleading will be denied without prejudice.

C.  *Plaintiff's Motions to Enter Evidence and Motion For Summary Judgment Will Be Denied*

Plaintiff has filed numerous motions seeking to admit evidence in support of his claims and a motion for summary judgment. [Docs. 17, 18, 19, 32, 38, 44, 45] Although Plaintiff bears the burden of proof on his constitutional claims, the manner and degree of evidence required depends on the successive stages of the litigation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the Court] presume[s] that general allegations embrace those specific facts that are necessary to support them." *Id.* (internal

8

quotation marks and citations omitted). Whereas, at the summary judgment stage, a "plaintiff can no longer rest on such 'mere allegations' but must 'set forth' by affidavit or other evidence 'specific facts,' Fed. R. Civ. P. 56(e), which for purposes of the summary judgment motion will be taken as true." *Id.* "And at the final stage, those facts (if controverted) must be supported adequately by the evidence adduced at trial." *Id.* (internal quotation marks omitted).

Although Plaintiff has filed a motion for summary judgment, this case is still in the pleading stage. Plaintiff's complaint and amended complaint have not yet been screened under 28 U.S.C. §§ 1915(e) and 1915A, Defendants have not yet been served with process in accordance with Fed. R. Civ. P. 4, and Defendants have not had an opportunity to file an answer or other responsive pleading under Fed. R. Civ. P. 12. At this preliminary stage of the proceedings, the specific factual allegations in Plaintiff's complaint and amended complaint are presumed to be true and Plaintiff need not adduce evidence in support of his claims. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, the Court concludes that Plaintiff's motions to admit evidence and motion for summary judgment are premature and these motions will be denied without prejudice to Plaintiff's right to re-file them at the appropriate stage of the litigation.

D.     *Screening of the Complaint and Amended Complaint Under §§ 1915(e) and 1915A*

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." § 1915(e)(2). Additionally, the Court has an obligation under § 1915A to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it "is frivolous, malicious, or

9

fails to state a claim upon which relief may be granted." § 1915A. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110.. Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Plaintiff's amended complaint names the New Mexico Department of Corrections and CNMCF as defendants. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[A] governmental entity that is an arm of the state for Eleventh Amendment purposes is not a 'person' for section 1983 purposes."

10

*Id.* (internal quotation marks and citation omitted). "Similarly, state-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. Oct. 12, 2010) (unpublished). "In these circumstances, the barrier is not Eleventh Amendment immunity—'[t]he stopper [is] that § 1983 creates no remedy against a State." *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (unpublished) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)). The New Mexico Department of Corrections and CNMCF are not "persons" subject to suit under § 1983 and, therefore, Plaintiff's § 1983 claims against these defendants will be dismissed with prejudice.

The Court concludes that the factual allegations in Plaintiff's complaint and amended complaint [Docs. 1, 6, 7] state a colorable claim for relief under § 1983 against Defendants Baca, Smith, and Westerfield for the alleged deprivation of Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment. Therefore, the Court will direct the Clerk of the Court to send notice and waiver of service forms, along with a copy of this Memorandum Opinion and Order and Plaintiff's complaint and amended complaint, to Defendants Baca, Smith, and Westerfield at CNMCF.

E. *Plaintiff's Motion For Status Hearing and Requests for Responses to Admissions and Interrogatories Will Be Denied*

Plaintiff has filed a motion requesting a status hearing [Doc. 46] and also has asked the Court to order Defendants to respond to his requests for admission and interrogatories [Docs. 22, 25, 29, 30]. Plaintiff has filed a prisoner petition challenging the conditions of his confinement while incarcerated at CNMCF and prisoner petitions are exempt from certain pretrial case management and discovery procedures under Fed. R. Civ. P. 16 and 26. *See* D.N.M.LR-Civ. 16.3, 26.3(a)(1). In lieu of the traditional pretrial case management and discovery procedures,

the Court will, if appropriate, order a *Martinez* Report, which is a "court-authorized investigation and report by prison officials." *Hall*, 935 F.2d at 1109. The *Martinez* Report will require prison officials to investigate Plaintiff's claims and "develop a record sufficient to ascertain whether there are any factual or legal bases for [those] claims." *Id.* The *Martinez* Report may be used by the Court in deciding whether to grant summary judgment, either upon one of the parties' motions or *sua sponte*, and will contain all materials relevant to Plaintiff's claims, including medical records, incident reports, and inmate grievances, among other documents. Once produced, the *Martinez* Report will be filed on the docket of this case and served on Plaintiff, and Plaintiff will then have an opportunity to file a response.

The production of the *Martinez* Report, if appropriate, may obviate the need for a status hearing in this case or responses to Plaintiff's requests for admission and interrogatories and, therefore, Plaintiff's motion for a status hearing and requests for responses will be denied without prejudice as premature at this time. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (holding that staying discovery, pending the evaluation of a *Martinez* Report in a prisoner case, does not constitute "an abuse of discretion or impermissibly contravene[] the discovery provisions of the federal rules"). Plaintiff may re-file his motion and his requests at a later stage in this proceeding if, after a *Martinez* Report is ordered and produced, Plaintiff determines that additional discovery is required.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motions to amend the complaint [Docs. 6, 14] are DENIED as moot and the Clerk of the Court is directed to substitute Sergeant Westerfield for the John Doe defendant;

IT IS FURTHER ORDERED that Plaintiff's requests to amend and/or supplement the

complaint and amended complaint are DENIED without prejudice;

IT IS FURTHER ORDERED that Plaintiff's motions to enter evidence [Docs. 17, 18, 19, 32, 38, 45] and motion for summary judgment [Doc. 44] are DENIED without prejudice;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against Defendant New Mexico Department of Corrections and CNMCF are DISMISSED with prejudice and Defendant New Mexico Department of Corrections and CNMCF are DISMISSED as a parties to this action;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send notice and waiver of service forms, along with a copy of this Memorandum Opinion and Order and Plaintiff's complaint and amended complaint [Docs. 1, 6, 7] to Defendants Baca, Smith, and Westerfield at CNMCF, P.O. Drawer 1328, 1525 Morris Road, Los Lunas, New Mexico 87031-1328;

IT IS FURTHER ORDERED that Plaintiff's motion for a status hearing [Doc. 46] and requests for an order requiring Defendants to respond to his requests for admission and interrogatories [Docs. 22, 25, 29, 30] are DENIED without prejudice;

IT IS SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE