IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD DIAB,

    Plaintiff,

  v.                                                                                No. 16-CV-01002-MCA-GJF

FNU BACA, KEN SMITH,
FNU WESTERFIELD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Richard Diab's Motion To Enter Summary Judgement, filed on August 15, 2017. [Doc. 49] Plaintiff was incarcerated at the time he filed his civil rights complaint, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's motion for summary judgment will be denied without prejudice. To the extent that Plaintiff moves for the entry of default judgment against Defendants Smith, Westerfield, and Baca, Plaintiff's motion also will be denied.

On August 15, 2017, Plaintiff moved for summary judgment against Defendants Smith, Westerfield, and Baca because they had not yet "responded to the notice sent and waiver of service." [Doc. 49] Plaintiff contends that the alleged failure to file a timely response is an acknowledgement of "what the plaintiff can prove if we go to a jury trial and that is that the defendants cannot deny with material facts that the claims brought against them are true and indisputable." [Doc. 49 at 1] On September 6, 2017, Plaintiff also filed notice of his intent to file a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure. [Doc. 50] Plaintiff states that he intends to seek default judgment because Defendants Smith,

Westerfield, and Baca "did not respond or defend any allegations of the complaint the notice and waiver of service sent him by the court." [Doc. 50 at 1]

A party moving for summary judgment bears the burden to "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c) of the Federal Rules of Civil Procedure provides, in relevant part, that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do no establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Additionally, Local Rule 56.1 of the Local Civil Rules of the United States District Court of the District of New Mexico require a party moving for summary judgment to file a written memorandum that sets "out a concise statement of all of the material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies." D.N.M.LR-Civ. 56.1(b).

Although Plaintiff is a pro se litigant whose filings must be construed liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the United States Court of Appeals for the Tenth Circuit nonetheless "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants," *Garrett v. Selby Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citation omitted). Plaintiff's motion for summary

judgment fails to number the alleged undisputed material facts and fails to support those facts with citations to the record or other admissible evidence. Because Plaintiff's motion does not comply with Rule 56 of the Federal Rules of Civil Procedure or Rule 56.1 of the Local Civil Rules of Procedure, it will be denied without prejudice.

To the extent that Plaintiff's motion liberally may be construed as a motion for default judgment, it also will be denied. Rule 55(a) of the Federal Rules of Civil Procedure authorizes the Clerk of Court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Defendants Baca, Smith, and Westerfield waived service of process and timely filed their answer to the complaint on August 11, 2017. [*See* Doc. 48] *See* Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent . . . ."). According to the Certificate of Service, a copy of the answer was mailed to Plaintiff via first class mail at his address of record. [Doc. 48 at 13] Because Defendants timely filed a response to the complaint, Plaintiff is not entitled to entry of default under Rule 55.

IT IS THEREFORE ORDERED that Plaintiff's Motion To Enter Summary Judgement [Doc. 49] is DENIED without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE