# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RICHARD DIAB,

    Plaintiff,

  v.                                                                                                            No. 16-CV-01002-MCA-GJF

FNU BACA, KEN SMITH,
FNU WESTERFIELD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Richard Diab's Motion For Default Judgement [Doc. 52] and supporting documents, filed on September 21, 2017. [*See* Doc. 53 (Affidavit in Support of Request For Entry of Default); Doc. 54 (Narritive [sic] of Facts In Support of Motion For Default Judgement)] Plaintiff was incarcerated at the time he filed his civil rights complaint, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's motion for default will be denied with prejudice.

On September 7, 2016, Plaintiff filed a Prisoner Civil Rights Complaint challenging the conditions of his confinement Central New Mexico Correctional Facility, followed by an Amended Complaint on September 19, 2016. [Docs. 1, 6] Plaintiff's original and amended complaints alleged, in relevant part, that Defendants Smith, Westerfield, and Baca violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. [Docs. 1, 6] On June 6, 2017, the Court construed Plaintiff's original and amended complaints collectively as the operative pleading under 28 U.S.C. §§ 1915(e) and 1915A and determined that Plaintiff's complaint stated a colorable claim for relief

against Defendants Smith, Westerfield, and Baca. [Doc. 47] Therefore, the Court directed the Clerk of the Court to send notice and waiver of service forms to Defendants Smith, Westerfield, and Baca pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Defendants Smith, Westerfield, and Baca waived service of process and timely filed their answer to the complaint on August 11, 2017. *See* Fed. R. Civ. P. 4(d)(3) (providing that "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent . . . "). According to the Certificate of Service, a copy of Defendants' answer was mailed to Plaintiff via first class mail at his address of record. [Doc. 48 at 13]

On August 15, 2017, Plaintiff moved for summary judgment, alleging that Defendants' alleged failure to file a timely response to Plaintiff's complaint is an acknowledgment of "what the plaintiff can prove if we go to a jury trial and that is that the defendants with material facts that the claims brought against them are true and indisputable." [Doc. 49 at 1] On September 21, 2017, the Court denied Plaintiff's motion for summary judgment because it failed to comply with Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Civil Rules of the United States District Court of the District of New Mexico. [Doc. 51] Furthermore, to the extent that Plaintiff's motion liberally could be construed as a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Court denied Plaintiff's motion because Defendants Smith, Westerfield, and Baca had timely filed their answer to the complaint on August 11, 2017. [Doc. 51; *see* Doc. 48]

Plaintiff now moves for default judgment against Defendants Smith, Westerfield, and Baca, because "more than 90 days have past including holidays since the sending of the complaint, notice and waiver of service by this court to the Defendants, Ken Smith, Westerfield,

2

and Baca" but "defendants have not responded and have failed to plea or otherwise defend this action." [Doc. 52 at 2] As explained to Plaintiff in the Court's September 21, 2017 Memorandum Opinion and Order, entry of default under Rule 55 of the Federal Rules of Civil Procedure only is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Defendants Smith, Westerfield, and Baca timely filed their answer to Plaintiff's complaint on August 11, 2017 and, therefore, Plaintiff is not entitled to entry of default under Rule 55.

Regardless, Plaintiff was a prisoner at the time his civil rights complaint was filed and, therefore, this action is governed by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, *et seq*. The PLRA provides, in relevant part, that:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

42 U.S.C. § 1997e(g)(1). Under § 1997e(g)(1), "defendants can waive their right to reply to a prisoner complaint without the usual consequence of being deemed to have admitted the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, even if Defendants' Smith, Westerfield, and Baca had not filed a timely answer to Plaintiff's complaint, Plaintiff's motion nonetheless would be subject to denial "[u]nder the explicit language of § 1997e(g)(1)," because "prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply." *Lafountain v. Martin*, No 1:07-CV-76, 2009 WL: 4729933, at *4 (W.D. Mich. Dec. 3, 2009) (collecting cases) (unpublished).

3

IT IS THEREFORE ORDERED that Plaintiff's Motion For Default Judgement [Doc. 52] is DENIED with prejudice; and the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this Memorandum Opinion and Order, the Answer To Complaint For Defendants Sergeant Westerfield, FNU Baca, and Ken Smith [Doc. 48].

_____
CHIEF UNITED STATES DISTRICT JUDGE