UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RICHARD DIAB,

    Plaintiff,

v.    Civ. No. 16-1002 MCA/GJF

FNU BACA, et al.,

    Defendants.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's "Proposed Findings and Recommended Disposition" ("PFRD") issued May 3, 2018. Doc. No. 80. On reference by the undersigned [Doc. No. 4], United States Magistrate Judge Gregory J. Fouratt recommended that this Court: (1) grant summary judgment to Defendants; (2) dismiss Plaintiff's claims without prejudice for failure to exhaust his administrative remedies; and (3) deny all other extant motions as moot. Doc. No. 80 at 1. On May 14, 2018, Plaintiff filed his "Motion to Reconsider Decision to Dismiss Claims," which this Court construes as timely objections to the PFRD. Doc. No. 81. Defendants neither objected to the PFRD nor responded to Plaintiff's objections. On *de novo* review of the portions of the PFRD to which Plaintiff objects, the Court will overrule the objections and adopt the PFRD. Furthermore, the Court will grant summary judgment to Defendants, dismiss Plaintiff's Complaint [Doc. No. 1] without prejudice, and dismiss all other outstanding claims as moot. The Court's reasoning follows below.

**I.    BACKGROUND**

Judge Fouratt detailed the background of Plaintiff's case in his PFRD. *See* Doc. No. 80 at 2-3. A synopsis of relevant facts follows.

1

Plaintiff was briefly incarcerated in the Central New Mexico Correctional Facility ("CNMCF") beginning on August 18, 2016. *See id.* In that short time, Plaintiff alleges that prison officials violated his civil rights by:

(1) issuing him one or more infested and/or unsanitary mattresses;
(2) providing an unsanitary toilet;
(3) failing to provide adequate cleaning supplies or a generally sanitary environment;
(4) failing to provide adequate medical care;
(5) failing to provide adequate means and methods to lodge his grievances; and
(6) making inappropriate statements to him.

Despite Defendant alleging these grievances in the instant action, Steve Madrid, the statewide Grievance Appeals Coordinator for New Mexico Corrections Department ("NMCD"), reported that Plaintiff failed to exhaust any grievance by pursuing an appeal to the NMCD Cabinet Secretary or his designee, the Director of Adult Prisons. More importantly, Plaintiff admits that he did not exhaust his adminstrative remedies. Plaintiff defends his failure to exhaust by claiming that prison officials systematically denied prisoners at CNMCF the forms necessary to effectively pursue the administrative grievance process to its culmination.

## II. LEGAL STANDARDS

### A. Standard for Objections to a Magistrate's Report

Pursuant to 28 U.S.C. § 636(b)(1)(B) (2012), a district judge may designate a magistrate judge to submit proposed findings of facts and recommendations for the disposition of any case pending before the Court. Where a party timely objects to the magistrate judge's proposed disposition, this Court conducts a de novo review of all portions of the recommendation which have been objected to and "may accept, reject, or modify, in whole or in part, the findings or recommendations." *See id.* § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's

recommendation. *In re Griego*, 64 F.3d 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### B. Summary Judgment Standard in Pro Se Prisoner Cases

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A).

The movant has the initial burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). If this burden is met, the non-movant must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Id.* at 324. Although all facts are construed in favor of the non-movant, the non-movant still has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (citation and internal quotation marks omitted).

The Court liberally construes Plaintiff's filings because he appears pro se. Still, a pro se non-movant must "identify specific facts that show the existence of a genuine issue of material fact." *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (citation and internal quotation marks omitted). Conclusory allegations are insufficient to establish an issue of

3

fact that would defeat the motion. *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1180 (10th Cir. 2013).

In a suit brought by a pro se prisoner, a court may order the defendants to investigate the plaintiff's claims and submit a report of that investigation, called a *Martinez* Report. *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978). A court may use the *Martinez* Report to grant summary judgment *sua sponte* or upon motion of the defendants. *Hall*, 935 F.2d at 1009–13; *see also Celotex*, 477 U.S. at 326 (courts possess the authority to enter summary judgment *sua sponte*, so long as the losing party is on notice that she must come forward with all her evidence).

### C. Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that prisoners may not bring a suit challenging prison conditions without first exhausting available administrative remedies. 42 U.S.C. § 1997e(a) (2012). The exhaustion requirement applies to all suits brought under federal laws, including 42 U.S.C. § 1983 and the Eighth Amendment. *Id.* § 1997e(b); *see Tuckel v. Grover*, 660 F.3d 1249 (10th Cir. 2011) (requiring exhaustion of available remedies in prisoner's action alleging violation of his Eighth Amendment rights). Further, the exhaustion requirement "applies to all suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Nevertheless, "courts are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1226 (10th Cir. 2007). Or, as the Supreme Court has recently clarified, administrative remedies may be unavailable in certain circumstances, in which case a prisoner would not be

4

required to exhaust "unavailable" remedies. *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016). *Ross* gave three examples of when administrative remedies are unavailable: (1) when "an administrative procedure . . . operates as a simple dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) when "an administrative scheme is so opaque that it becomes, practically speaking, incapable of use;" and (3) "when prison administrators thwart inmates from taking advantage of grievance procedures through machination, misrepresentation, or intimidation." *Id.*

## III. ANALYSIS

Because Plaintiff was a prisoner at the time he filed this action, Judge Fouratt accurately observed that Plaintiff falls "squarely within the PLRA's exhaustion requirement." Doc. No. 80 at 6 (citing 42 U.S.C. § 1997e(a) (detailing exhaustion requirement); (h) (defining prisoner)). Yet, despite filing "grievances on three occasions, and six grievances in total," Judge Fouratt explained that Plaintiff never exhausted his administrative remedies. *See id.* Notwithstanding Plaintiff's attempts to excuse this failure, the Court agrees with Judge Fouratt's conclusion that administrative remedies were in fact available to Plaintiff, and consequently, Plaintiff's failure to exhaust them bars his Complaint.

Plaintiff's aptitude and ability to file grievances are obvious. *See* Doc. No. 60 at 14-17. He began filing grievances shortly after arriving at CNMCF, and filed no less than six separate grievances between that time and September 9, 2016. *See id.*, Ex. B at 1-3. Over the course of two and a half weeks, Plaintiff transitioned from filing a handwritten grievance sometime before August 22 (exact date unknown), to improperly filing four formal grievances (prior to filing the prerequisite informal grievances) on August 25, to filing a grievance that largely complied with NMCD policies by September 9. *See id.*, Ex. B. at Attachs. 1-6. Nevertheless, during that final

5

administrative appeal process, Plaintiff *chose* not to propound a final appeal to the NMCD Cabinet Secretary or his designee, the Director of Adult Prisons. *See id.*, Ex. B, Attach 6 at 1. In fact, the form containing Warden Kenneth Smith's denial of Plaintiff's grievance was returned to Plaintiff on September 15, 2016, with a space *directly below* Warden Smith's denial providing express instructions on the steps necessary to exhaust the NMCD grievance process. *See id.* And yet, Plaintiff elected not to file that final appeal.

In his Objections, Plaintiff ignores his failure to propound a final appeal. *See* Doc. No. 81 at 1-3. Plaintiff instead returns to his attacks on prison staff, claiming he "was always denied the correct forms intentionally and with deliberate intent to have me file on the wrong forms and also to pass the time limit allowed to file." *Id.* at 1. He accompanies this with a general summary of his prior complaints, and a plea that this court not "be a court where the less fortunate can't get justice based on [paperwork], let this be a court that will hear the facts in court and see the truth." *Id.* at 3.

Unfortunately for Plaintiff, Defendant NMCD has raised exhaustion as an affirmative defense, and they have supplied this Court with undisputed evidence to establish Plaintiff's failure to exhaust. *See Jones v. Bock,* 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints."). More importantly, Plaintiff has never denied failing to exhaust NMCD administrative remedies.

The PLRA's exhaustion requirement is mandatory. *See Ross,* 136 S. Ct. at 1856 (citing *Jones,* 549 U.S. at 211; *Woodford v. Ngo,* 548 U.S. 81, 85 (2006)). "And that mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Id.* at 1856-57 (citing *Miller v. French,* 530 U.S. 327, 337 (2000) (explaining that

"[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion")). To the contrary, the Supreme Court has carved out only one exception to the PLRA's mandatory edict: "the [administrative] remedies must indeed be 'available' to the prisoner." *Id.* at 1856.

This Court agrees with and adopts Judge Fouratt's conclusion that administrative remedies were available to Plaintiff. Judge Fouratt addressed Plaintiff's assertions of prison officials suppressing his ability to participate in the grievance process, and opined as follows:

> These allegations, if proven, might represent precisely the type of interference by prison staff that the *Ross* court described. But these allegations could only constitute interference if they, in fact, *interfered*. That is decidedly not the case. Rather, the veracity of Plaintiff's assertions is immaterial, as Plaintiff's ability to take advantage of the grievance process was plainly *not* interfered with. Thus, the undersigned need not indulge the implausibility of, nor the myriad incongruities contained within, Plaintiff's allegations. It is enough for this Court to emphasize instead that Plaintiff submitted *six* total grievances, on *three* separate occasions, in *less than a three week* span. *See* Def. NMCD's Report 14-17. Despite Cole's purported threats against him on September 1, 2016, Plaintiff persisted in filing his sixth grievance just one week later, on September 9, 2016. And in spite of Major Valencia's supposed threats, Plaintiff appealed Major Valencia's decision to Grievance Officer Lujan, where it was also reviewed by Warden Smith. *See* Def. NMCD's Report, Ex. B., Attach. 6 at 1. If any machination, misrepresentation, or intimidation indeed was employed by CNMCF in an effort to deter Plaintiff from pursuing the NMCD grievance process, it failed because the record undisputedly shows that Plaintiff was not deterred.
>
> Plaintiff's Complaint ultimately fails not because administrative remedies were constructively unavailable, but because Plaintiff elected not to pursue them properly or to completion. In the one instance where Plaintiff followed NMCD grievance procedure - his sixth grievance (which CNMCF officials reviewed despite it being late) – Plaintiff *chose* not to complete the final step of the grievance process, despite the instructions for doing so being clear, unmistakable, and provided to Plaintiff on the face of the form. *See id.* By his own admission, Plaintiff chose instead to circumvent the grievance process and write directly to the NMCD Cabinet Secretary seeking relief outside the grievance process. *See* Pl.'s Second Resp. 5. Doing so did not exhaust Plaintiff's readily available administrative remedies, and cannot now save Plaintiff from the PLRA's mandatory bar.

Doc. No. 80 at 14-15 (emphasis in original). Having conducted its own *de novo* review, this Court also finds clear record evidence that Plaintiff, for whatever reason, upon reaching the final

7

stage of the administrative process of his sixth grievance, elected not to exhaust his administrative remedies. The final remedy in question was available, facially explained on the form returned to Plaintiff, and simple to complete. No lamentation or appeal to this Court's better angels can alter Plaintiff's mistake. Plaintiff chose not to pursue his grievance to its administrative terminus, and the dismissal of his Complaint for failure to exhaust administrative remedies is the consequence.

## IV. CONCLUSION

For these reasons, it is **HEREBY ORDERED** that Judge Fouratt's PFRD [Doc. No. 80] is **ADOPTED**, Plaintiff's objections [Doc. No. 81] are **OVERRULED**, and Plaintiff's Complaint [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____ July 5, 2018
THE HONORABLE M. CHRISTINA ARMIJO
SENIOR UNITED STATES DISTRICT JUDGE